IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCUS A. MCCAIN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-4778 |
| | : | |
| JOHN KERESTES, et al. | : | |

## ORDER

AND NOW, this 2nd day of May, 2014, upon careful and independent consideration of Petitioner Marcus A. McCain's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Reuter, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 9) is APPROVED and ADOPTED;[2]

---

[1] The Report and Recommendation was sent to all parties of record on September 13, 2013, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within fourteen days. *See* Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B) . . . within fourteen (14) days after being served with a copy thereof."). As of today's date, no objections have been filed.

[2] In his habeas petition, McCain raises seven claims for relief: five claims of ineffective assistance of PCRA counsel, a claim that both his PCRA and his trial counsel were ineffective for failing to raise an actual innocence defense, and a claim that his guilty plea to the charge of person not to possess a firearm is "null and void for want of subject matter jurisdiction." Pet'n 14A-14B. As explained in the Report and Recommendation, McCain's claims of ineffective assistance of PCRA counsel are not cognizable in this federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (holding a petitioner cannot assert a claim of constitutionally ineffective assistance of state post-conviction counsel as there is "no constitutional right to an attorney in state post-conviction proceedings"). The Court also agrees with Judge Reuter that review of McCain's remaining claims regarding his guilty plea and his trial counsel's alleged ineffectiveness is foreclosed because those claims are procedurally

        2.       McCain's petition for writ of habeas corpus (Document 1) is DENIED without an evidentiary hearing;

        3.       There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

        4.       The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

      /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

defaulted. As noted in the Report and Recommendation, McCain did not raise his claim regarding his guilty plea in his first PCRA petition. Although he did raise the claim in a second PCRA petition, the PCRA court dismissed that petition as untimely. Since the Report and Recommendation was issued, moreover, the Pennsylvania Superior Court affirmed the dismissal of McCain's second PCRA petition on March 25, 2014. *See Commonwealth v. McCain*, No. 593 MDA 2013, Mem. (Pa. Super. Ct. Mar. 25, 2014), *available at* http://www.pacourts.us/assets/opinions/Superior/out/J-S06033-14m%20-%201017532482077474.pdf?cb=1 (last visited May 1, 2014). As for McCain's claim that his trial counsel was ineffective for failing to raise an actual innocence defense, McCain did not raise this claim in either of his PCRA petitions, and any effort to do so now would be untimely. *See* 42 Pa. Cons. Stat. § 9545(b)(1) (providing a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," subject to certain exceptions not applicable here). Although the doctrine of procedural default is subject to exceptions where the petitioner shows either cause for the default and prejudice from a violation of federal law or that a miscarriage of justice will occur absent review, *see Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004), the Court agrees with Judge Reuter that McCain has not made either showing. Insofar as McCain seeks to rely on his PCRA's counsel's alleged ineffectiveness as cause for his failure to raise a claim of ineffective assistance of trial counsel in his initial PCRA petition, his allegations are insufficient to overcome the default because he has not demonstrated the underlying ineffective assistance of trial counsel claim has "some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). Accordingly, the Court agrees with Judge Reuter's recommendation that McCain's habeas petition should be denied.